UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20919-BLOOM

A & S ENTERTAINMENT, LLC,
*doing business as* The Office,

 Appellant,

v.

STATE OF FLORIDA DEPARTMENT
OF REVENUE,

 Appellee.
_____/

## ORDER ON MOTION TO DISMISS APPEAL

**THIS CAUSE** is before the Court upon the State of Florida Department of Revenue's ("Appellee" or "Department") Motion to Dismiss Appeal, ECF No. [7]. Appellant A&S Entertainment, LLC ("Appellant," "A&S," or "Debtor") filed a response, ECF No. [9], to which the Department filed a reply, ECF No. [10]. The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

 **I.** **BACKGROUND**

This appeal arises in the context of a Chapter 11 bankruptcy. *See* Case No. 21-14020-RAM.[1] A&S initiated the bankruptcy case by filing a voluntary petition on April 27, 2021. BK ECF No. [1]. Relevant to the instant appeal, A&S filed an objection to the Proof of Claim filed by the Department. BK ECF No. [28]. On June 18, 2021, following a hearing on the objection, the bankruptcy court entered an order sustaining in part and overruling in part the objection, and

---

[1] The Court refers to docket entries in the bankruptcy case as "BK ECF No. [x]."

determining the priority status of the Department's claim. BK ECF No. [44] ("Priority Order"). The Priority Order states, in pertinent part, that the Department's "Claim shall be allowed as a priority claim under 11 U.S.C. § 507(a)(8)(C) in the amount of $1,880,110.31 and as a general unsecured claim in the amount of $485,890.53." *Id*. at 2.[2] The Priority Order states further that "[i]f the Debtor timely moves for reconsideration of this Order, the Court will consider *de novo* legal argument on the applicability of 11 U.S.C. § 507(a)(8)(C) to taxes the Debtor neither collects or withholds." *Id*.

Thereafter, A&S filed a timely motion for reconsideration of the Priority Order on July 6, 2021. BK ECF No. [58]. The bankruptcy court held a hearing on the motion for reconsideration, which the court ultimately denied on August 21, 2021, determining that the taxes at issue are taxes required to be collected or withheld, and for which A&S was liable. BK ECF No. [74] ("Reconsideration Order").

The bankruptcy case proceeded. On September 20, 2021, A&S filed its Chapter 11 Small Business Subchapter V Plan, in which A&S indicated its intention to appeal the priority of the Department's Claim. *See* BK ECF No. [82] at 2 ("All General Unsecured Creditors other than Class 2 Claim will share, pro-rata in a fund of money of $1,000.00 per month for 36 months Plus 15% of the savings, if any, from the Debtor's appeal of the priority of the Class 1 creditor, Florida Department of Revenue, which will be more fully defined in a subsequent filing."). However, A&S did not file a notice of appeal at that time.

Instead, on November 2, 2021, A&S filed its Amended Chapter 11 Small Business Subchapter V Plan of Reorganization, treating the Department's priority claim as allowed by the

---

[2] 11 U.S.C. § 507(a)(8)(C) states that the following expenses and claims have priority: "allowed unsecured claims of governmental units, only to the extent that such claims are for . . . a tax required to be collected or withheld and for which the debtor is liable in whatever capacity[.]"

Reconsideration Order. *See* BK ECF No. [116] ("Amended Plan") (no longer containing the appeal language with respect to the Department). The Amended Plan was confirmed by the bankruptcy court on March 11, 2022. BK ECF No. [235] ("Confirmation Order").

On March 25, 2022, A&S filed its notice of appeal of the Confirmation Order's determination of priority status with respect to the Department, the Reconsideration Order, and the Priority Order. *See* BK ECF No. [240]; ECF No. [1] ("Notice") (docketed on March 28, 2022). The Department requests dismissal of this case on the basis that A&S's appeal is untimely.

## II.     LEGAL STANDARD

Pursuant to the Federal Rules of Bankruptcy Procedure, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). The Rules further state that if a party timely files a motion for reconsideration, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion[.]" Fed. R. Bankr. P. 8002(b). "The Supreme Court has emphasized that the timely filing of a notice of appeal is mandatory and jurisdictional. If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal." *In re Williams*, 216 F.3d 1295, 1298 (11th Cir. 2000) (quoting *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1323 (11th Cir. 1996)).

## III.    DISCUSSION

In the Motion, the Department argues that the Notice was untimely filed because it was not filed within 14 days of the Reconsideration Order, which was docketed in the bankruptcy case on August 23, 2021. A&S responds that the Reconsideration Order was not a final appealable order, and that it could therefore file its appeal, as it did in this case, only after entry of the Confirmation Order.

In bankruptcy cases, "[t]he statutory requirement of finality is a flexible concept, grounded in the practicalities of the situation." *In re Allied Holdings, Inc.*, 376 B.R. 351, 355 (N.D. Ga. 2007) (quoting *Jove Eng'g Inc. v. Internal Revenue Serv.*, 92 F.3d 1539, 1548 (11th Cir. 1996). A bankruptcy case is "an aggregation of controversies, many of which would constitute individual lawsuits had a bankruptcy petition never been filed." *Id*. at 355. As a result, "[f]inality of bankruptcy orders cannot be limited to the last order concluding the bankruptcy case as a whole." *Id*. However, the increased flexibility "does not render appealable an order which does not finally dispose of a claim or adversary proceeding." *In re Donovan*, 532 F.3d at 1136. Indeed, to be final, "a bankruptcy court order must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." *Id*. at 1136-37 (quoting *In re Atlas*, 210 F.3d 1305, 1308 (11th Cir. 2000)) (internal quotations omitted). "It is generally the particular adversary proceeding or controversy that must have been finally resolved rather than the entire bankruptcy litigation." *Commodore Holdings Inc. v. Exxon Mobil Corp.*, 331 F.3d 1257, 1259 (11th Cir. 2003). "In short, the same concepts of finality apply in bankruptcy as in any other case, but they are applied to the discrete controversies within the administration of the estate; 'the separate dispute being assessed must have been finally resolved and leave nothing more for the bankruptcy court to do.'" *In re Donovan*, 532 F.3d at 1137 (quoting *In re Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985)). "By providing for appeals from final decisions in bankruptcy 'proceedings,' as distinguished from bankruptcy 'cases,' Congress made orders in bankruptcy cases immediately appealable if they finally dispose of discrete disputes within the larger bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 587 (2020).

A&S argues, relying on *In re Golden*, 207 B.R. 252 (N.D. Fla. 1996), that because no separate final judgment was entered in the bankruptcy proceeding, the Priority and

Reconsideration Orders are not final and appealable. Upon review, the Court does not find *Golden* to be persuasive. In *Golden*, the court relied in part upon Rule 9021 in determining that it lacked jurisdiction over an appeal from an order overruling a debtor's objection to a claim by the Internal Revenue Service. 207 B.R. at 252. However, as the Department points out, Rule 9021 was amended in 2009. The Rule states only that "[a] judgment or order is effective when entered under Rule 5003[,]" which in pertinent part requires that the Clerk maintain a docket in bankruptcy cases. Fed. R. Bankr. P. 9021, 5003. In addition, the Advisory Committee Notes accompanying Rule 9021 specifically note that while the rule derives from Rule 58 of the Federal Rules of Civil Procedure, "[t]here is no sound reason to require that every order in a case under the Code be evidenced by a separate document." Fed. R. Bankr. P. 9021 advisory committee's note to former subdivision (a). Accordingly, the Court does not agree that a separate judgment under Rule 58 was required for the Orders to be considered final in this context.

Here, notwithstanding A&S's arguments to the contrary, the Priority Order and Reconsideration Order are final for purposes of appeal. Indeed, the Priority Order established the priority of the Department's claim, which priority was reaffirmed in the Reconsideration Order. Following the entry of the Reconsideration Order, the bankruptcy record reflects that the case proceeded on the assumption that priority of the Department's claim was established. A&S's Amended Plan, which acknowledged the priority of the Department's claim, as established by the Priority Order and Reconsideration Order, was confirmed without objections from A&S. At this point, a finding that the Priority Order and Reconsideration Order were not final with respect to the priority of the Department's claim would contravene the purpose of the relaxed rule of finality for appeals in bankruptcy cases. As succinctly stated by the Supreme Court:

> [d]elaying appeals from discrete, controversy-resolving decisions in bankruptcy cases would long postpone appellate review of fully adjudicated disputes.

> Moreover, controversies adjudicated during the life of a bankruptcy case may be linked, one dependent on the outcome of another. Delaying appeal until the termination of the entire bankruptcy case, therefore, could have this untoward consequence: Reversal of a decision made early on could require the bankruptcy court to unravel later adjudications rendered in reliance on an earlier decision.

*Ritzen Grp.*, 140 S. Ct. at 587. Such is the case here, where revisiting the priority of the Department's claim would require revisiting the Amended Plan.

Moreover, at least one of the authorities cited by A&S appears to recognize that an order regarding the priority of creditors' claims is a final order. *See In re Hayes Bankruptcy*, 220 B.R. 57, (N.D. Iowa 1998) ("[O]rders that resolve matters *other than* the assets or liabilities of the estate, or *the relative priority of the estate's creditors* . . . are not final.") (cleaned up). Indeed, various courts have recognized that an order establishing the priority of a claim are final for purposes of appeal in a bankruptcy case. *See In re Saco Local Dev. Corp.*, 711 F.2d 441, 448 (1st Cir. 1983) ("We conclude that as long as an order allowing a claim or priority effectively settles the amount due the creditor, the order is 'final' even if the claim or priority may be reduced by other claims or priorities."); *In re Delgado*, 360 B.R. 406, 408 (B.A.P. 1st Cir. 2006) ("An order determining the validity or priority of a claim is a final order." (citing *Beneke Co., Inc. v. Economy Lodging Sys., Inc. (In re Economy Lodging Sys., Inc.)*, 234 B.R. 691, 693 (B.A.P. 6th Cir. 1999)); *In re Fowler*, 394 F.3d 1208, 1211 (9th Cir. 2005) (determining that ruling regarding priority of tax liability and denial of a motion for reconsideration was final for purposes of jurisdiction over appeal).

As a result, the Court concludes that the Priority Order and Reconsideration Order were final, appealable orders. As such, the instant appeal is untimely as A&S filed its Notice well beyond the applicable 14-day deadline.[3]

---

[3] The Court notes that the Department filed a motion to dismiss the appeal in the bankruptcy case, *see* BK ECF No. [243], which the bankruptcy court denied without prejudice to the Department filing its motion in this case because the court concluded that it did not have authority to determine whether the orders appealed were final. *See* BK ECF No. [256]. Nevertheless, the bankruptcy court stated that "[i]f this Court could

Case No. 22-cv-20919-BLOOM

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [7]**, is **GRANTED**. This appeal is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 4, 2022.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

---

consider the Motion to Dismiss . . . it would grant the motion." *Id*.